(No. 29886— <span></span>
LULU ANTHONY *vs.* THURMAN GILBRATH *et al.,* Appellees. —(JOHN C. BACON, Appellant.)

*Opinion filed January 22, 1947.*

Richard Hill, Jr., and William G. Booras, (Harry G. Fins, of counsel,) all of Chicago, for appellant.

Thompson, Chambers & Thompson, (Lavern W. Thompson, of counsel,) both of Chicago, for appellee Lulu Anthony.

Marcus Levy, (James B. McKeon, of counsel,) both of Chicago, for appellee Thurman Gilbrath.

Mr. Justice Smith delivered the opinion of the court:

This is an appeal from an order of the superior court of Cook county disapproving the master's report of sale in a partition suit. The record shows that a decree for partition was entered on June 28, 1945. A decree for sale was entered on July 8, 1946. On August 30, 1946, the master's report of sale was filed. He reported that the property was duly advertised and offered for sale; that at the sale, appellant, John C. Bacon, bid the sum of $2000, which was the highest and best bid offered. The bid was in excess of two thirds of the appraised value. The master further reported that the property was struck off and sold to Bacon. On August 15, 1946, an order was entered continuing, to August 23, 1946, a motion of the plaintiff to approve the master's report of sale, although no motion of that kind appears in the record. On August 23, 1946, another order of continuance was entered continuing the mat-

ter to August 30, 1946. While the record does not show any motion to disapprove the master's report of sale, it does show that on August 30, 1946, the court entered the following order:

"On motion of attorney for plaintiff, it is ordered that the master's Report of Sale filed herein be not approved, and that the sale of August 12, 1946, be set aside and for naught held.

"It is further ordered that John C. Bacon the bidder at said sale be allowed the sum of Twenty Five and no/100 Dollars for his attorney's fees in connection with the hearing on said master's Report of Sale, payable out of the proceeds of sale."

From that order Bacon, who was the purchaser at the sale, has prosecuted a direct appeal to this court, a freehold being involved. There is no report of proceedings in the record. Appellant insists that no hearing was had and no evidence heard by the chancellor and that he arbitrarily disapproved the master's report of sale without such hearing. On the other hand, appellees, who are all the parties to the suit, both plaintiffs and defendants assert there was a hearing before the court at the time the order was entered.

It is elementary that a party litigant bringing a cause to this court must present a record which shows the alleged errors complained of.

A chancellor has discretion in approving or disapproving master's reports of sales, but this discretion must not be an arbitrary one. It must be exercised in accordance with the established principles of law. The discretion must not be abused. (*Shultz* v. *Milburn,* 366 Ill. 400.) It is also the rule that an abuse of discretion by the trial court will not be presumed by a court of review. (*People* v. *Touhy,* 361 Ill. 332.) It is not necessary, under section 64 of the Civil Practice Act, (Ill. Rev. Stat. 1945, chap. 110, par. 188,) that the facts upon which a decree or order is based be found or set out in such order or decree. The

burden is on the one attacking it to show that it was not based upon sufficient facts shown.

Appellant contends that there was no evidence heard and no hearing of any kind; that the chancellor, without any such evidence or hearing, arbitrarily disapproved the master's report of sale. For that reason, he contends that it was impossible for him to preserve a report of proceedings. He says there were no proceedings. The order, however, does not support this position. It will be noted by the order above set out, that the court, as a part thereof, allowed to appellant the sum of $25 "for his attorney's fees in connection with the hearing on said master's Report of Sale, payable out of the proceeds of sale." While the court had no authority to allow such fees under the facts here involved, the order shows that there was a "hearing." The word "hearing" is a familiar term and is generally understood as meaning a judicial examination of the issues between the parties, whether of law or of fact. *Glennon* v. *Britton*, 155 Ill. 232.

In view of this recital in the order allowing attorney's fees to appellant for services rendered on the "hearing," it cannot be assumed that there was no such hearing. From this order it definitely appears that there was a hearing of some kind. The record itself cannot be disputed or disregarded. If there was such hearing, and from the order we must conclusively presume there was, then the burden was on appellant to show what transpired in the hearing by preserving a report of proceedings and making it a part of the record on the appeal.

In this condition of the record, as above pointed out, there is nothing upon which appellant can base his assignments of alleged error.

The order of the superior court is affirmed.

*Order affirmed.*