EDWARD L. BICEK, a Minor, by his Father and Next Friend, John J. Bicek, Plaintiff-Amicus Curiae, *v.* RAYMOND QUITTER, Individually and d/b/a Tinley Park Roller Rink, *et al.,* Defendants—(KAREN FRENCH, Defendant-Amicus Curiae)—(THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *v.* ROBERT D. KOLAR, Contemnor-Appellant).

First District (1st Division)   No. 61131

Opinion filed May 24, 1976.

Judge, Hunter & Schirott, Ltd., of Park Ridge (James R. Schirott, James A. Corrigan, and Jay S. Judge, of counsel), for appellant Robert D. Kolar.

Cooney and Stenn, of Chicago, for plaintiff-amicus curiae Edward L. Bicek.

Beverly, Pause, Duffy & O'Malley, of Chicago (Frank J. Pause, John J. O'Malley, Dom J. Rizzi, and Michael J. Rathsack, of counsel), for defendant-amicus curiae Karen French.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

On December 28, 1973, Edward L. Bicek, a minor, by his father and next friend, John J. Bicek, filed suit in the circuit court of Cook County, alleging that he suffered personal injuries caused by the negligence of the defendants, Raymond Quitter, individually and doing business as Tinley Park Roller Rink, and Karen French. Plaintiff is represented by Cooney & Stenn, with offices in the downtown business district of Chicago. Defendant Karen French is represented by Beverly, Pause, Duffy & O'Malley, also located in downtown Chicago. Defendant Raymond Quitter is represented by Judge, Hunter & Schirott, Ltd., located in Park Ridge, a suburb of Chicago.

On February 8, 1974, defendant Raymond Quitter filed his answer to the complaint. On that same date his attorneys, Judge, Hunter & Schirott, served notice of deposition requiring plaintiff to appear at the Park Ridge office of Judge, Hunter & Schirott for the taking of the deposition. Plaintiff's attorneys moved that plaintiff be required to appear at only one discovery deposition and the attorneys for Karen French moved that the notice of deposition requiring plaintiff to appear in Park Ridge be quashed. After a hearing on defendant French's motion, an order was entered requiring the deposition of plaintiff to be taken in one of three places, all of which were located in downtown Chicago: the offices of plaintiff's attorney, the offices of defendant French's attorney, or, if an agreement could not be reached by the parties, in the conference room of the judge who entered the order.

The attorney for defendant Quitter then filed a petition for rehearing and requested that the deposition of plaintiffs be taken as originally noticed in Park Ridge. After granting a rehearing, the judge ordered plaintiffs' depositions taken in his conference room on a set date. This order also directed Robert D. Kolar, one of the attorneys for Quitter, to attend the deposition so that discovery could proceed. On the date set for

the deposition, Mr. Kolar did not appear and later informed the court that he would not attend the deposition unless it would take place in Park Ridge. As a consequence of his actions, he was held in contempt of court and fined $50. Mr. Kolar appeals the contempt citation, contending basically that it was error for the court to force him to take the plaintiff's deposition in a place other than Park Ridge. The attorneys for defendant Karen French and the attorneys for the plaintiff have filed amicus curiae briefs, both of which stress the point that there has been no showing of an abuse of discretion by the trial court and that, lacking that, the trial court's order must be affirmed.

■■ Preliminarily we note that Kolar's action of subjecting himself to a contempt citation is a permissible method of testing a pretrial discovery order. See *People ex rel. General Motors Corp. v. Bua* (1967), 37 Ill. 2d 180, 189, 226 N.E.2d 6, and cases therein cited.

Section 58 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 58) provides that the taking of depositions "shall be in accordance with rules." The rules of the Illinois Supreme Court vest broad discretion in the trial court to control the day-to-day workings of discovery procedures:

"203 (Supreme Court Rule 203). Where Depositions May Be Taken

If a deposition is to be taken within the State, the deponent may be required to attend only in the county in which he resides or is employed or transacts his business in person, or in any other place designated by an order of the court. * * * The order designating the place of a deposition may impose any terms and conditions that are just, including payment of the reasonable expenses of the deponent." (Ill. Rev. Stat. 1973, ch. 110A, par. 203.)

201 (Supreme Court Rule 201). General Discovery Provisions
* * *
(c) Prevention of Abuse

(1) *Protective Orders.* The court may at any time on its own initiative, or on motion of any party or witness, make a protective order as justice requires, denying, limiting, conditioning, or regulating discovery to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or oppression.

(2) *Supervision of Discovery.* Upon the motion of any party or witness, on notice to all parties, or on its own initiative without notice, the court may supervise all or any part of any discovery procedure." (Ill. Rev. Stat. 1973, ch. 110A, par. 201.)

As the Supreme Court stated, when discussing another of the discovery rules, "Provisions permitting greater flexibility or conferring wider discretion would be difficult to formulate, * * *." *Monier v. Chamberlain* (1966), 35 Ill. 2d 351, 355, 221 N.E.2d 410.

■■ Given the wide discretionary power vested in the trial court in pretrial discovery matters, its orders will not be modified by a reviewing court unless there is an affirmative showing of abuse. *(Bee Chemical Co. v. Service Coatings, Inc.* (1969), 116 Ill. App. 2d 217, 223, 253 N.E.2d 512; *Hearst v. City of Chicago* (1973), 9 Ill. App. 3d 1085, 1089, 293 N.E.2d 738; *Bender v. Pfotenhauer* (1974), 21 Ill. App. 3d 127, 130, 315 N.E.2d 137.) It is well settled that there is no presumption of abuse of discretion by a trial court; therefore, the burden is upon the appellant here to show clearly an abuse of discretion. *Anthony v. Gilbrath* (1947), 396 Ill. 125, 127, 128, 71 N.E.2d 84; *Smith v. Smith* (1962), 36 Ill. App. 2d 55, 58, 59, 183 N.E.2d 559; *Daum v. Daum* (1973), 11 Ill. App. 3d 245, 249, 296 N.E.2d 614.

■■ On the record before us we cannot say there has been an abuse of discretion here. The record contains only the common law record. There are no transcripts of the hearings before the trial court; consequently, neither the reasons of the opposing attorneys for contesting the taking of the deposition in Park Ridge nor those of the trial court in setting the depositions in his conference room are before us. Furthermore, while Mr. Kolar states in his brief that it is the standard practice of trial courts to order depositions taken downtown when there is a dispute on the location of a deposition between suburban and downtown law firms, there is nothing in the record so showing. Consequently, that contention is not before us *(In re Annexation to the City of Darien* (1973), 16 Ill. App. 3d 140, 145, 304 N.E.2d 769; *Yarc v. American Hospital Supply Corp.* (1974), 17 Ill. App. 3d 667, 669, 307 N.E.2d 749) and, since all of appellant's arguments in this court are premised on that assertion, we view this case as a single exercise of the trial court's broad discretionary power to supervise pretrial discovery. We see no abuse of discretion on the face of the order and, in fact, appellant does not claim an abuse of discretion here, but rather that because Rule 203 requires a deponent to submit to a deposition only in the county where deponent resides, is employed or transacts his business in person, the trial court cannot interfere with the location of the deposition stated in the notice as long as it is within the county. To sustain this argument would deprive a trial court of the discretionary power to change the location vested in it by the language of Rule 203: "or in any other place designated by an order of the court." The argument advanced also ignores the power given to the trial court by Rule 201 to "supervise all or any part of any discovery procedure." All of the arguments advanced before this court are more properly addressed to the Illinois Supreme Court Rules Committee.

Under the broad discretionary powers in the trial court and the failure to show a clear abuse thereof, the trial court's order is affirmed. However, because Mr. Kolar's action was a good faith effort to secure an

interpretation of the Rules, the $50 fine is vacated. Ill. Rev. Stat. 1973, ch. 110A, par. 615(b)(1).

Affirmed.

GOLDBERG, P. J., and SIMON, J., concur.