ELEANOR MURIN, Plaintiff-Appellant, v. MARY DLUZAK, Defendant-Appellee.

First District (3rd Division)   No. 76-337

Opinion filed April 13, 1977.

Oliver W. Motter, of Chicago Heights, for appellant.

Louis V. Kiefor, of Calumet City, for appellee.

Mr. JUSTICE JIGANTI delivered the opinion of the court:

On June 25, 1971, Eleanor Murin, the plaintiff, entered into a written agreement with Leonard Dluzak to lease certain real estate in Calumet City from him for a period beginning July 1, 1971, and ending June 30, 1974. A rider to the lease extended to Eleanor Murin an option to purchase the real estate for the sum of $28,000. Leonard Dluzak was a joint owner of the real estate with his wife, the defendant Dluzak. Mary Dluzak did not sign the lease.

On June 28, 1974, Eleanor Murin gave notice to Leonard and Mary Dluzak that she was electing to exercise the option to purchase the premises for $28,000 which would be tendered upon conveyance to her of a warranty deed, free from all encumbrances. The option exercised by the plaintiff was never honored by Leonard Dluzak nor Mary Dluzak and on November 7, 1975, the plaintiff filed an action for specific performance against Mary Dluzak.

Mary Dluzak filed a motion to dismiss alleging that the plaintiff's suit was barred by the Statute of Frauds (Ill. Rev. Stat. 1971, ch. 59, par. 2) because Mary Dluzak was not a party to the lease with Eleanor Murin; her name does not appear anywhere in the document; nor did she authorize her husband to sign on her behalf. The motion to dismiss did not specify the specific section of the Civil Practice Act but presumably the motion was under section 48(1)(g) (Ill. Rev. Stat. 1975, ch. 110, par. 48(1)(g)). The trial court dismissed the suit pursuant to the motion. Eleanor Murin appeals from that order.

Eleanor Murin contends that there is a material and genuine question of fact as to whether Leonard Dluzak was acting as Mary Dluzak's agent in signing the lease and whether the contract could have been performed within one year, thereby taking it out of the Statute of Frauds. In support of her position that an agency relationship existed Eleanor Murin filed an affidavit which stated that Mary Dluzak "authorized, commissioned and ratified all matters pertaining to the lease"; that the defendant "enjoyed the proceeds of the tenancy by receiving the rent"; that she has "confirmed, ratified, accepted and enjoyed the proceeds and benefits of the lease in question by signing receipts for rent"; and that Mary Dluzak was present at the time of the signing of the lease. In addition to the affidavit, rent receipts were submitted as proof of assertions of Eleanor Murin.

The Supreme Court Rule 191 (Ill. Rev. Stat. 1975, ch. 110A, par. 191(a)) states that affidavits submitted in connection with motions for involuntary dismissal under section 48 of the Civil Practice Act "shall not consist of conclusions but of facts admissible in evidence." The only facts in the affidavit are that Mary Dluzak received the rent and was present at the signing of the lease. It does not show that she did anything other than

merely collect the rent and that she had knowledge that a lease was signed. We deem these facts to be insufficient to support the conclusory statements that Mary Dluzak ratified all the matters pertaining to the lease. (*Kaminski v. Missionary Sisters of the Sacred Heart* (1965), 62 Ill. App. 2d 216, 210 N.E.2d 794; *Carruthers v. Christopher* (1974), 57 Ill. 2d 376, 313 N.E.2d 457.) The trial court properly dismissed the plaintiff's lawsuit on the defendant's motion because the plaintiff did not show there was a material and genuine disputed question as to an agency relationship.

Affirmed.

SIMON, P. J., and McNAMARA, J., concur.