CARRIE M. JOLIFF JONES *et al.*, Plaintiffs-Appellees, *v.* ODIE ANDERSON, d/b/a Odie Anderson and Associates, Defendant.—(THE DEPARTMENT OF REGISTRATION AND EDUCATION, Trustee, Defendant-Appellant.)

First District (3rd Division)    No. 76-558

Opinion filed July 12, 1978.

William J. Scott, Attorney General, of Chicago (Karen Konieczny, Assistant Attorney General, of counsel), for appellant.

Jerome Goldstick, Ellis B. Rosenzweig, and Arnold Pagniucci, all of Chicago, for appellees.

Mr. PRESIDING JUSTICE JIGANTI delivered the opinion of the court:

The Illinois Department of Registration and Education has appealed from an order directing it to pay to the plaintiffs, Carrie M. Joliff Jones and Martha Joliff, the sum of $10,000 out of a total loss of $14,858 sustained by the plaintiffs allegedly by reason of the fraudulent conversion of their money by Odie Anderson, a real estate broker licensed by the State of Illinois. This appeal questions the type of hearing necessary under the Real Estate Brokers and Salesmen License Act (Ill. Rev. Stat. 1975, ch. 114½, par. 108.1 *et seq.*) which instructs a court to "proceed * * * in a summary manner."

From February 20 to September 19, 1973, the plaintiffs had given Anderson in excess of $13,000 as a deposit toward the purchase of certain real estate in Chicago, Illinois. Prior to February 22, 1974, Anderson stated that the purchase of the properties was about to be closed and requested

an additional $500. The plaintiffs then discovered that there was no closing set for that date nor any other date, and unsuccessfully demanded the return of their money.

On February 18, 1975, the plaintiffs instituted an action against Anderson to recover their money, alleging that Anderson had fraudulently converted it. The plaintiffs' counsel sent a copy of the complaint to the Department of Registration and Education, receipt of which was acknowledged by the Department on February 20, 1975. Anderson filed a general appearance 31 days after service of process, but failed to file an answer to the complaint. Upon the plaintiffs' motion on April 25, 1975, Anderson was held to be in default for failure to file an answer. The case was then set for an evidentiary hearing on the matter of compensatory and punitive damages.

On May 8, 1975, having heard testimony, the court found in favor of the plaintiffs and against Anderson in the sum of $14,848, and further found that Anderson, being guilty of wilful and wanton conduct in the conversion of that money to his own use, should be assessed $5,000 in punitive damages. Judgment was entered upon the findings.

On May 26, 1975, Anderson moved to vacate the default judgment, alleging a meritorious defense. Anderson also filed a motion to stay all proceedings until a pending criminal matter involving the identical subject matter as the claim of the plaintiffs at bar was heard and determined. On June 11, 1975, both of Anderson's motions were denied.

On July 11, 1975, the plaintiffs caused a citation to discover assets to be issued in order to collect the amount of the judgment which had been awarded. On July 28, 1975, the court, having been advised that the defendant was not located, ordered that the citation be returned "Not Found" and granted leave to file an alias citation.

On January 13, 1976, the plaintiffs petitioned for an order permitting recovery from the Illinois Real Estate Recovery Fund. The petition alleged that the plaintiffs had made reasonable efforts to ascertain whether Anderson possessed any real or personal property or other assets which could be sold in satisfaction of the judgment, but that Anderson himself had disappeared and was presently involved in a bond forfeiture. Other court records indicated that cash bail posted by Anderson was ordered forfeited in State court proceedings in July 1975, and in Federal court proceedings in September 1975. An order was entered allowing the plaintiffs leave to file an amended petition and allowing the Department to file a response, and setting the matter for a hearing. The Department's response characterized the Recovery Fund as an indemnification fund totally unknown at common law and stated that a petitioner must plead and prove that he meets every requirement established by the legislature and the plaintiffs had failed to do so. The response further stated that in

order to recover, petitioners must establish that the judgment which underlies their petition is based upon the grounds of fraud, misrepresentation, discrimination or deceit, which occurred on or after January 1, 1974. The Department argued that "the fact that petitioners plead that a demand for certain monies was made in February, 1974, does not establish that the fraud, etc., occurred on or after that date. It is just as likely that any fraud, etc., occurred at the time the money in question was deposited with the broker." The Department also stated that the letter from the Department dated February 20, 1975, did not establish that it was notified that a complaint had been filed which might result in recovery from the fund, but was merely an acknowledgment that it had received an administrative complaint against the broker involved.

On February 5, 1976, the court ordered the Department to pay the plaintiffs from the Recovery Fund the sum of $11,543.32 which included the statutory maximum judgment amount of $10,000 plus $1500 for attorney's fees and $43.32 for court costs. The order included findings that:

"Said Verified Petition does comply with the requirements of said Act and that no testimony or evidentiary hearing is required to establish the allegations set forth in Plaintiffs' Verified Petition;

* * * Plaintiffs' Verified Petition and the allegations contained therein for damages are sufficient to show that the fraud, misrepresentation, discrimination or deceit occurred on or after January 1, 1974 as required under Section 108.3 of said Act * * *."

The Department appeals from that order.

The Department argues that the Real Estate Brokers and Salesmen License Act (Ill. Rev. Stat. 1975, ch. 114½, par. 108.1 *et seq.*) requires a fair hearing prior to judgment. The statute provides in part:

"(b) When any aggrieved person recovers a valid judgment in any court of competent jurisdiction against any real estate broker, * * * upon the grounds of fraud, misrepresentation, discrimination or deceit, which occurred on or after January 1, 1974, the aggrieved person may, upon the termination of all proceedings, * * * file a verified claim in the court in which the judgment was entered and, upon 10 days written notice to the Department, and to the person against whom the judgment was obtained, may apply to the court for an order directing payment out of the Real Estate Recovery Fund, of the amount unpaid upon the judgment, subject to the limitations stated in this Section. *The court shall proceed upon the application in a summary manner,* and upon the hearing thereof, the aggrieved person shall be required to show: * * *." (Emphasis added.) (Ill. Rev. Stat. 1975, ch. 114½, par. 108.3(b).)

There follow six specific points which a claimant must prove: (1) that he is not a spouse of the debtor; (2) that he has complied with the requirements of the statute; (3) that a judgment has been obtained in a stated amount and is still due; (4) that a reasonable search for any assets of the debtor has been made; (5) that no such assets were found or were found in an amount insufficient to satisfy the judgment; and (6) that he has diligently pursued his remedies against the judgment debtor. (Ill. Rev. Stat. 1975, ch. 114½, par. 108.3(b)(1-6).) The statute further states that:

"The court shall make an order directed to the Department requiring payment from the Real Estate Recovery Fund of whatever sum it finds to be payable upon the claim, * * * if the court is satisfied, upon the hearing, of the truth of all matters required to be shown by the aggrieved person by subsection (b) of this Section * * *." Ill. Rev. Stat. 1975, ch. 114½, par. 108.3(c).

■■ The Department contends that the lower court erred in proceeding in summary fashion because the Department's answer to the plaintiffs' amended petition raised substantial issues of fact which could not be resolved merely upon an examination of the petition and answer. However, we do not agree. The language of the statute itself states that "[t]he court shall proceed upon the application in a summary manner * * *." A hearing is generally understood to mean a judicial examination of the issues of law and fact between the parties. (*Anthony v. Gilbrath* (1947), 396 Ill. 125, 128, 71 N.E.2d 84; *Doran v. Doran* (1972), 7 Ill. App. 3d 614, 616, 287 N.E.2d 731.) An evidentiary hearing is unnecessary in the absence of conflict as to the truth of factual allegations.

■■ ■ The nature of the proofs required for compliance with the prerequisites to recovery under the Real Estate Brokers and Salesmen License Act (Ill. Rev. Stat. 1975, ch. 114½, par. 108.1 *et seq.*) makes it most appropriate that compliance be proven by examination of the pleadings, affidavits, and other matters of record. In the case at bar, an evidentiary hearing was had previously on the question of damages at which the court heard testimony. That hearing is not part of the record on appeal. The trial court had before it the entire record upon which to base its decision that there was no material issue of fact in controversy. No pleadings, affidavits or exhibits were filed by the Department which raised any material issue regarding the plaintiffs' compliance with statutory requirements. The Department's conclusory statement that it was "just as likely that any fraud, etc., occurred at the time the money in question was deposited" with Anderson, unsupported by any facts admissible into evidence, does not create a genuine issue of material fact to warrant a hearing. In view of the insufficient factual basis for the Department's general allegations that the plaintiffs had failed to meet the statutory requirements and its failure to set forth with particularity any facts which

might competently justify its contentions, we cannot say that the judgment of the trial court that the statutory requirements had been complied with and that the plaintiffs were entitled to recover from the Recovery Fund was erroneous. See *Murin v. Dluzak* (1977), 47 Ill. App. 3d 870, 365 N.E.2d 491; *Van Vactor v. Blue Cross Association* (1977), 50 Ill. App. 3d 709, 365 N.E.2d 638.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

SIMON and McGILLICUDDY, JJ., concur.