EUGENE MINES, Plaintiff, v. OLIN CORPORATION, Defendant (Davy McKee Corporation, Third–Party Plaintiff-Appellant; Murer Electric, Inc., Third–Party Defendant-Appellee).

First District (3rd Division)   No. 87—3002

Opinion filed June 1, 1988.

Haskell & Perrin, of Chicago (Kevin W. Doherty and Olga F. Pribyl, of counsel), for appellant.

McKenna, Storer, Rowe, White & Farrug, of Chicago (James P. DeNardo, Samuel A. Purves, and Christine L. Olson, of counsel), for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

Third-party plaintiff, Davy McKee Corp., filed a complaint against third-party defendant, Murer Electric, Inc., seeking indemnity and contribution for an injury incurred by a Murer employee, Eugene Mines. After McKee obtained a default judgment against Murer, the trial court subsequently granted the motion to quash service and dismiss the third-party complaint against Murer. McKee appeals from this order, contending that the trial court erred in granting a law firm leave to appear *amicus curiae* and subsequently granting the motion to quash service and dismiss the third-party complaint against Murer.

In April 1981, Mines filed a complaint against McKee and others for personal injuries resulting from an accident sustained while employed by Murer at the Olin Chemical plant. McKee was responsible for a storm water treatment project on the Olin site. An air reduction project was also in progress at the site.

In an effort to find out about Mines' injury, McKee served a subpoena on William Murer on April 6, 1982, requesting payroll records for Mines and copies of other contracts for work done on either the storm water treatment facility or the air reduction project for Olin. McKee received these documents on November 2, 1982. The records indicated that Mines was injured on the storm water treatment project.

On July 20, 1984, McKee filed a third-party complaint against

Murer. Brian Murer, former president of Murer, was served with an alias summons on December 18, 1984. No appearance was filed on behalf of Murer. On March 4, 1985, McKee obtained a default judgment against Murer.

On January 30, 1987, the law firm of McKenna, Storer, Rowe, White & Farrug was granted leave to file its appearance *amicus curiae*. Thereafter, the McKenna firm brought a motion to quash the summons and dismiss the third-party complaint against Murer arguing that Murer did not have capacity to be sued by reason of section 94 of the Business Corporation Act (Ill. Rev. Stat. 1981, ch. 32, par. 157.94). This act limited to two years the time within which a corporation could be sued after its dissolution. (Ill. Rev. Stat. 1981, ch. 32, par. 157.94.) According to the motion, Murer dissolved as a corporation on December 1, 1980, and therefore McKenna argued that the third-party complaint filed 3½ years after Murer's dissolution was untimely.

The trial court granted McKenna's motion to quash service and dismiss the third-party complaint on August 14, 1987. The trial court denied McKee's motion for reconsideration on September 21, 1987.

McKee's first argument on appeal is that the trial court erred in granting the McKenna firm leave to file an appearance *amicus curiae* and then allowing it to file a motion to quash service and dismiss the third-party complaint against Murer.

■ Historically, an *amicus curiae* is an impartial individual who suggests the interpretation and status of the law, gives information concerning it, and whose function is to advise in order that justice may be done. (*Leigh v. Engle* (N.D. Ill. 1982), 535 F. Supp. 418.) By definition, an *amicus curiae* is not a party to the action, but a friend of the court. As such, the sole function of an *amicus* is to advise or make suggestions to the court. *Fiorito v. Jones* (1978), 72 Ill. 2d 73, 377 N.E.2d 1019, citing *Bee Chemical Co. v. Service Coatings, Inc.* (1969), 116 Ill. App. 2d 217, 253 N.E.2d 512.

In *Leigh v. Engle,* the trial court denied leave to file a memorandum *amicus curiae* by the Secretary of Labor in a case involving the Employee Retirement Act. The court denied leave after finding that the memorandum was in reality proffered in favor of the petitioner. The court in *Leigh* noted that the function of an *amicus* is to advise in order that justice may be done, rather than to advocate a point of view so that a cause may be won by one party or another. (*Leigh,* 535 F. Supp. at 420.) The *Leigh* court found that the *amicus* memorandum injected an element of unfairness into the proceedings. The case did not disclose any point of law in regard to which the court was doubt-

ful or mistaken, or concerning which it was in danger of going wrong.

Similarly, in *Hale v. First National Bank* (1978), 57 Ill. App. 3d 310, 372 N.E.2d 959, the court denied an *amicus* appearance by the City of Prospect Heights in a suit by property owners for administrative review of a decision of the county zoning board of appeals. In the course of the appeal, the city, as *amicus,* moved for summary reversal of the trial court's order and for remandment of the cause with directions to enter judgment in favor of the plaintiffs. The court held that the city had exceeded the permissible scope of an *amicus,* as a friend of the court whose sole function is to advise and make suggestions to the court. There, the *amicus* sought relief even beyond that sought by the plaintiffs and posited an argument to which certain property owners had no opportunity to respond. Thus, the court held the *amicus* appearance to be irregular and inappropriate.

■ The present case is similar to the *Leigh* case. It is clear that the McKenna firm intended to advocate the position of the now dissolved Murer. The attorney from McKenna admitted that the firm was hired by the insurance company for Murer, and the carrier's interest in having the third-party complaint dismissed is obvious. We believe that the firm's appearance as *amicus curiae* was an attempt to represent and advocate the position of Murer in the disguise of an *amicus.* Under these circumstances, we cannot say that the appearance of the McKenna firm was as an impartial party to the action. We do not agree that the motion to quash and dismiss was an attempt to instruct the court on the status or an interpretation of the law or a matter of law in regard to which the court is doubtful or mistaken. Rather, McKenna is arguing a factual matter, the dissolution of Murer, in an attempt to have the complaint against Murer dismissed. Such action on behalf of a party to the lawsuit cannot be allowed under the guise of an *amicus curiae.*

The *amicus'* attempt to distinguish *Leigh* on the basis that in the present case Murer was not already represented by counsel is not persuasive. *Leigh* discussed the bounds of permissible *amicus* action and we believe the action of the McKenna firm is outside these bounds.

We acknowledge, as stated in the *Leigh* case, that to a certain degree, *amicus* practice has moved from friendship to partisanship. "The *amicus* is treated as a potential litigant in future cases, as an ally of one of the parties, or as the representative of an interest not otherwise represented." (*Leigh v. Engle,* 535 F. Supp. at 422, citing Krislov, *The Amicus Curiae Brief: From Friendship to Advocacy,* 72 Yale L.J. 694 (1963).) Notably, the *Leigh* court explained that although this shift in traditional *amicus curiae* practice may be useful in a re-

viewing court where, usually, only issues of law are resolved, it is not proper in a trial court. *Leigh,* 535 F. Supp. at 422.

■ Even recognizing that an *amicus* appearance is often an interested party advocating one interpretation of the law over another, we do not believe that was the intention of the McKenna firm here. The McKenna firm was not a potential litigant in a future case, an ally of one of the parties, or the representative of an interest not otherwise represented. The McKenna firm appeared on behalf of Murer and by filing a motion to quash and dismiss, McKenna went beyond the permissible scope of an *amicus* party.

Based on our holding regarding the *amicus* appearance of the McKenna firm, we need not address the additional contentions of the parties in the present case.

For the reasons stated, the judgment of the circuit court of Cook County quashing the summons and dismissing the third-party complaint is reversed.

Judgment reversed.

WHITE, P.J., and RIZZI, J., concur.