WILLIE ELLIOT, a Minor, by His Mother and Next Best Friend, DOLORES ELLIOT, *et al.*, Plaintiffs, *v.* THE BOARD OF EDUCATION OF THE CITY OF CHICAGO *et al.*, Defendants.—(ERIC L. E. MEREDITH, a Minor, by His Father and Next Best Friend, ROBERT C. MEREDITH, *et al.*, Plaintiffs-Appellants; BOARD OF EDUCATION OF SCHOOL DISTRICT No. 225, COOK COUNTY, Defendant-Appellee.)

(No. 61135; ▮▮▮▮▮▮▮▮

First District (5th Division)—August 8, 1975.

Ronald Barliant, of Devoe, Shadur & Krupp, of Chicago, for appellants.

Franke and Miller, of Chicago (Ralph Miller, of counsel), for appellee.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Plaintiffs Willie Elliot and Eric L. E. Meredith are minors who are handicapped and require special education. Together with their parents, they filed a class action seeking a declaration that the limitation on tuition payments by school districts for special education outside the district imposed by section 14—7.02 of the School Code (Ill. Rev. Stat. 1973, ch. 122, par. 14—7.02) is unconstitutional and seeking an injunction ordering defendant school boards to pay the full tuition costs of such minors.

As the matter proceeded, Eric L. E. Meredith's father, Robert C. Meredith, was deposed. During the deposition, on advice of counsel, he refused to answer the following four questions about his son:

"Q. Had he ever exhibited any interest in weapons, knives, guns, that kind of thing?

Q. Had he ever threatened bodily harm to either you or his mother?

Q. Had he ever threatened to cause himself physical harm?

Q. After his hour in the morning and up until November were

completed, did he ever get in any kind of trouble, police trouble, I mean nasty trouble?"

Defendant Board of Education of School District No. 225, the district where Eric L. E. Meredith would be attending school were he not handicapped, filed a motion to compel response to these questions. At the hearing on the motion, plaintiffs argued that the questions were irrelevant and their counsel informed the court that his clients were adamant in their refusal to answer and that if the court felt that the questions were relevant it should dismiss them from the case. The court then entered an order dismissing plaintiffs Eric L. E. Meredith, Robert C. Meredith, and M. Meredith from the case and also dismissed defendant Board of Education of School District No. 225. From this order these plaintiffs appeal.

OPINION

■■■ Plaintiffs' sole contention on appeal is that the court erred in dismissing them and the school board because the deposition questions were irrelevant. They point out that Supreme Court Rule 201(b)(1) (Ill. Rev. Stat. 1973, ch. 110A, par. 201(b)(1)) indicates that discovery does not extend to irrelevant matters. Supreme Court Rule 201(b)(1) provides:

> "(b) SCOPE OF DISCOVERY.
>
> (1) *Full Disclosure Required.* Except as provided in these rules, a party may obtain by discovery full disclosure regarding *any matter relevant to the subject matter involved in the pending action,* whether it relates to the claim or defense of the party seeking disclosure or of any other party, including the existence, description, nature, custody, condition, and location of any documents or tangible things, and the identity and location of persons having knowledge of relevant facts. The word 'documents,' as used in these rules, includes, but is not limited to, papers, photographs, films, recordings, memoranda, books, records, accounts, and communications." (Emphasis added.)

This rule, as well as the case law, indicates that great latitude is allowed in the scope of discovery. (*Cohn v. Board of Education,* 118 Ill.App.2d 453, 254 N.E.2d 803.) Moreover, discovery includes not only what is admissible at trial, but also that which leads to what is admissible at trial. (*Monier v. Chamberlain,* 35 Ill.2d 351, 221 N.E.2d 410.) In our opinion, the instant questions conceivably could lead to admissible evidence. For example, the answers could produce evidence which permits defendant to challenge the breadth of plaintiffs' class. Furthermore, if it were to appear that these answers were not admissible at trial or if they did not produce other admissible evidence, plaintiffs could then take appropriate

steps to exclude their consideration from the trial of the case. These questions should have been answered.

 Supreme Court Rule 219(c) (Ill. Rev. Stat. 1973, ch. 110, par. 219(c)) permits a trial court to dismiss actions of parties unreasonably refusing to comply with the rules of discovery. Moreover, in the instant case, plaintiffs' counsel informed the court that his clients would not answer the instant questions and he suggested dismissing them from the case if the court determined that the questions were within the proper scope of discovery. In these circumstances, we cannot say that the trial court erred.

The judgment is affirmed.

Affirmed.

BARRETT, P. J., and SULLIVAN, J., concur.