WAYNE D. PEMBERTON, Plaintiff-Appellee, v. DR. LYMAN TIEMAN et al., Defendants—(Medical Emergency Services Associates, S.C. (MESA) et al., Appellants).

First District (5th Division)   No. 82—2773

Opinion filed August 19, 1983.

Abramson & Fox, of Chicago (James L. Fox and Donald P. Colleton, of counsel), for appellants.

Arnold & Kadjan, of Chicago (L. Steven Platt, of counsel), for appellee.

JUSTICE SULLIVAN delivered the opinion of the court:

Defendants, Medical Emergency Services Associates, S.C. (MESA), and John Guy, counsel for MESA, appeal from an order holding Guy in contempt and fining him $1 for his declared refusal to produce an officer of MESA for a discovery deposition.

Plaintiff's action sought damages based in pertinent part upon a claimed malpractice by an emergency room doctor at Northwest Community Hospital. Count IV of his third amended complaint alleges that the emergency medical personnel at the hospital were employees of MESA and acting within the scope of their employment at the time of his injury; that MESA had the right to control their actions and to implement policies and procedures to be followed by them; and that MESA had negligently breached various duties it owed to him.

After a notice to produce Dr. Zydlo, an officer of MESA, for a discovery deposition, MESA moved to quash the notice on the basis that his testimony would be irrelevant to the material issues of plaintiff's action because Dr. Zydlo "has never seen nor treated the plain-

tiff" and "[t]here is no indication in any of the medical records of the plaintiff herein that Dr. Zydlow [*sic*] was ever involved in any care or treatment of the plaintiff." The parties subsequently conferred and exchanged letters regarding the deposition pursuant to Supreme Court Rule 201(k) (87 Ill. 2d R. 201(k)) and when Dr. Zydlo was not produced plaintiff moved to compel his appearance. Following a hearing, the court ordered MESA to produce him and when its counsel, John Guy, refused to do so, he (Guy) was found in contempt of court and fined $1. This appeal followed.

OPINION

The sole issue presented for review is whether the trial court erred in finding counsel for MESA in contempt and imposing a fine for failure to produce a MESA officer for a discovery deposition. It is counsel's position that plaintiff has failed to show how that deposition is relevant, asserting that the officer in question has no knowledge of the treatment provided, and that other documents produced show that the emergency room physician was an independent contractor, and MESA had no right to control his professional judgment.

In seeking to depose Dr. Zydlo, plaintiff relied on Supreme Court Rule 202, which provides that "[a]ny party may take the testimony of any party *** by deposition upon oral examination *** for the purpose of discovery" (87 Ill. 2d R. 202) and Rule 204(a)(3) stating that "[s]ervice of notice of the taking of the deposition of a *** person who is currently an officer, director, or employee of a party is sufficient to require the appearance of the deponent" (87 Ill. 2d R. 204(a)(3)). It is well established that discovery is to be "a mechanism for the ascertainment of truth, for the purpose of promoting either a fair settlement or a fair trial." (*Ostendorf v. International Harvester Co.* (1982), 89 Ill. 2d 273, 282, 433 N.E.2d 253, 257.) To this end, the object of all discovery procedures is disclosure (*Buehler v. Whalen* (1977), 70 Ill. 2d 51, 374 N.E.2d 460), and the right of any party to a discovery deposition is "basic and fundamental" (*Slatten v. City of Chicago* (1973), 12 Ill. App. 3d 808, 813, 299 N.E.2d 442, 445); however, that right is limited to disclosure regarding matters relevant to the subject matter of the pending action (*Redmond v. Central Community Hospital* (1978), 65 Ill. App. 3d 669, 382 N.E.2d 95; *Harris Trust & Savings Bank v. Joanna-Western Mills Co.* (1977), 53 Ill. App. 3d 542, 368 N.E.2d 629). Nevertheless, great latitude is allowed in the scope of discovery (*Elliot v. Board of Education* (1975), 31 Ill. App. 3d 355, 335 N.E.2d 33), and the concept of relevance is broader for discovery purposes than for purposes of the admission of evidence

at trial, since it includes not only what is admissible at trial but also that which leads to what is admissible (*Mistler v. Mancini* (1982), 111 Ill. App. 3d 228, 443 N.E.2d 1125). For this reason, "[r]elevancy is determined by reference to the issues, for generally, something is relevant if it tends to prove or disprove something in issue." (*Bauter v. Reding* (1979), 68 Ill. App. 3d 171, 175, 385 N.E.2d 886, 890.) The rules governing pretrial discovery vest wide discretion in the trial court (*M. Loeb Corp. v. Brychek* (1981), 98 Ill. App. 3d 1122, 424 N.E.2d 1193), and we will not disturb its exercise thereof unless the appellant makes a clear, affirmative showing that it has been abused (*Stocker Hinge Manufacturing Co. v. Darnel Industries, Inc.* (1978), 61 Ill. App. 3d 636, 377 N.E.2d 1125; *Hanes v. Orr & Associates* (1977), 53 Ill. App. 3d 72, 368 N.E.2d 584).

■■ Initially, we note that counsel's assertion that Dr. Zydlo knows nothing of the treatment provided in the emergency room is unsupported by the record. There is no affidavit by Dr. Zydlo to that effect, nor do the answers to plaintiff's interrogatories filed by MESA support his position. Those answers deny that any minutes of meetings or reports on the treatment provided are in MESA's possession, but do not state that no oral discussions took place to which Dr. Zydlo might have been a party. Furthermore, the only means plaintiff has of testing the asserted lack of knowledge is through a deposition. In effect, it appears to be counsel's position that plaintiff is not entitled to a deposition unless he can state specifically what information will be gained. We are in accord, however, with the decision in *Mistler v. Mancini* (1982), 111 Ill. App. 3d 228, 233, 443 N.E.2d 1125, 1129, wherein the court noted, when faced with a similar assertion, "[i]f [the deponent] indeed knows nothing, that may be appropriately ascertained through his deposition. Such an assertion should not operate to preclude his being deposed, however, given his business relationship with the parties." Here, the deponent is an officer of one of the defendants, and it is our view that plaintiff has a right to test his knowledge of the incident in question, and is not bound by counsel's unsupported assertion that there is no relevant information to be obtained.

■■ Counsel further contends that the only issue before the court is whether the emergency room physician was negligent. However, it is clear from the pleadings that other issues are involved, principally whether a master/servant relationship existed between MESA and that physician. Counsel argues that the issue is conclusively resolved by the contract between MESA and the physician in question, which describes his position vis-a-vis MESA as that of an independent con-

tractor. We disagree as that contract is not determinative of the relationship (see *Hamilton v. Family Record Plan, Inc.* (1966), 71 Ill. App. 2d 39, 217 N.E.2d 113); rather, the question whether one acting for another is a "servant" or an "independent contractor" is to be determined by consideration of all the facts of a particular case (*Ryan v. Associates Investment Co.* (1938), 297 Ill. App. 544, 18 N.E.2d 47). Here, Malcolm MacCoun, president of Northwest Community Hospital, stated in his deposition that the hospital has contracted with MESA to provide emergency services, and that MESA is responsible for the emergency room doctors. In its answer, MESA denied that it had the right to control the actions of emergency room personnel, or that it established policies and procedures for the operation of the emergency room, but in its answer to plaintiff's interrogatories stated that it conducts "audits or random reviews of a selected number of Emergency Room charts," although it does not explain the purpose of these reviews. Plaintiff is entitled to inquire into these matters in an attempt to discover which entity is responsible for establishing emergency room policies and procedures as well as their adequacy, and whether MESA, in conducting its review, is in fact exercising some control over physicians engaged by it to provide emergency medical care.

■ Finally, counsel asserts that Dr. Zydlo's deposition is irrelevant because MESA could never be vicariously liable for the emergency room physician's exercise of his professional judgment. However, we have held under analogous circumstances that a hospital may be held liable for the negligent medical judgment of a physician who is employed and salaried by it and who works under its direction. (*Holton v. Resurrection Hospital* (1980), 88 Ill. App. 3d 655, 410 N.E.2d 969; *Johnson v. St. Bernard Hospital* (1979), 79 Ill. App. 3d 709, 399 N.E.2d 198.) We see no reason why a similar rule should not be applied where the physician is employed by and works under the direction of a medical services corporation which undertakes to provide services traditionally provided by a hospital. This question cannot be resolved until the relationship between MESA and the emergency room physician is established, and the deposition of Dr. Zydlo is relevant to that inquiry.

■ For the foregoing reasons, we believe that counsel has failed to show that the deposition in question is irrelevant or that the trial court abused its discretion in ordering that Dr. Zydlo be produced for a discovery deposition. Under these circumstances, the trial court acted properly in finding counsel in contempt for refusing to comply with the discovery order. However, because Mr. Guy's action was a good-faith effort to secure an interpretation of the rules, the fine is

vacated. 87 Ill. 2d R. 615(b)(1); see *Bicek v. Quitter* (1976), 38 Ill. App. 3d 1027, 350 N.E.2d 125.

Affirmed in part, vacated in part, and remanded for further proceedings not inconsistent with this opinion.

LORENZ and MEJDA, JJ., concur.