FOURTH DIVISION
OCTOBER 16, 2008

Nos. 1-06-2163 and 1-06-2691 (Consolidated)

| | | |
|---|---|---|
| *In re* ALL ASBESTOS LITIGATION | ) | Appeal from the |
| ------------------------------------------------------------------- | ) | Circuit Court of |
| (Cooney and Conway, | ) | Cook County. |
|     Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Lisa A. LaConte, as Counsel for | ) | |
| Defendant Warren Pumps, LLC; and | ) | |
| Christopher P. Larson, as Counsel for | ) | Honorable |
| Defendant Riley Stoker Corporation, | ) | William D. Maddux, |
|     Contemnors-Appellants). | ) | Judge Presiding. |

MODIFIED OPINION ON DENIAL OF REHEARING

JUSTICE CAMPBELL delivered the opinion of the court:

This consolidated appeal involves a discovery dispute arising out of ongoing consolidated Cook County litigation entitled: *In re: All Asbestos Litigation.*[1] The law firm Cooney and Conway (C & C) represents multiple individuals who claim that they contracted various forms of fatal cancer as a result of exposure to asbestos up to 40 years ago. On behalf of these plaintiffs, C & C sued defendants Warren Pumps, LLC, a manufacturer of industrial pumps, and Riley Stoker, a designer and manufacturer of steam generator boilers and fuel-firing equipment.[2]

---

[1]"Asbestos litigation is the longest-running mass tort in United States history." Rand Institute for Civil Justice, Asbestos Litigation Costs and Compensation, An Interim Report (2002).

[2]Riley Stoker dismissed its appeal prior to oral argument. This opinion concerns only the appeal of Warren Pumps.

C & C served discovery requests upon Warren Pumps requesting product sales information covering a 38-year period. Warren Pumps complied with the discovery requests. C & C then served Warren Pumps with a motion to compel additional discovery. Lisa A. LaConte (LaConte), attorney for Warren Pumps, refused to comply with the motion. The trial court granted C & C's motion to compel discovery and entered an order of "friendly contempt," citing LaConte $1.

On appeal, LaConte contends that the trial court erred in compelling discovery covering a nearly 40-year period when C & C did not allege that any specific plaintiff was exposed to or harmed by the products manufactured or sold by Warren Pumps any specific location in Illinois. For the following reasons, we reverse, vacate the two orders of the trial court compelling production and finding LaConte in contempt, and remand this matter for further proceedings consistent with this opinion.

BACKGROUND

According to C & C, Cook County asbestos plaintiffs are typically union journeymen tradesmen who worked at numerous commercial and industrial jobsites over the course of their careers. All Cook County asbestos cases are consolidated into a special, segregated calendar called, as noted above, *In re: All Asbestos Litigation.* Under a 1985 Cook County circuit court case management order, asbestos defendants are required to produce records of sales of asbestos-containing products in Illinois. Consolidated discovery includes master interrogatories and requests to produce. All defendants named in Cook County asbestos litigation are required to answer discovery requests one time only.

Master discovery requests apply to thousands of cases and have a broader scope than requests generated in individual, non-asbestos law division cases.

On February 27, 2006, C & C filed a motion to compel Warren Pumps to produce all invoices, records, purchase orders, receipts, specifications, bills of lading, sales memoranda, business records correspondence, publications, sales brochures, manuals, instruction sheets or any other documents concerning the sales of Warren Pumps' products to any person or entity in the State of Illinois, as well as documents indicating knowledge of hazards relating to asbestos fibers or asbestine particles, from 1948 through 1986.

LaConte filed a response stating that Warren Pumps previously provided copies of its answers to interrogatories and response to request for production to C & C on October 25, 2005. LaConte later provided C & C additional copies of the discovery responses it filed in October 2005, and supplemented Warren Pumps' original response with documents relating to pumps sold to specific jobsites at issue in the cases set for trial in 2006.

LaConte also submitted the affidavit of Roland Doktor, a Warren Pumps manager and employee since 1978. Doktor averred that Warren Pumps' records were not maintained in a manner that allowed them to be searched by geographic region; records for the State of Illinois were not segregated but, rather, kept according to the customers who purchased products. C & C did not file any written reply to Warren Pumps' response.

On May 3, 2006, the trial court entered an order granting C & C's motion to compel Warren Pumps to respond to C & C's request for production. Warren Pumps objected and moved for reconsideration or, in the alternative, immediate interlocutory appeal under Supreme Court Rule 308(b) (155 Ill.2d 308(b)).

On June 13, 2006, the trial court entered an order denying Warren Pumps' combined motion.

On July 7, 2006, LaConte filed a motion advising the trial court that Warren Pumps was unable to comply with the court's order of May 3, 2006. LaConte explained that although the court required the production of sales records in all 102 Illinois counties, Warren Pumps undisputedly did not provide its product to any jobsites listed in any of the 193 Illinois complaints filed by C & C that named Warren Pumps as a defendant. LaConte again explained that Warren Pumps supplemented master discovery and identified 13 additional cases where it was reasonable to expect that a plaintiff or witness would testify about working with pumps manufactured by Warren Pumps. LaConte stated that the trial court's order extended far beyond Warren Pumps' good-faith attempt to comply with discovery, respectfully advised the trial court that it would not comply with further discovery, and requested a finding of friendly contempt and/or interlocutory appeal. C & C filed no response.

On July 11, 2006, the trial court entered an order finding friendly contempt against LaConte based on her advice to the court that Warren Pumps was unable to and refused to comply further with the order of May 3, 2006. The trial court imposed a fine of $1 as a sanction. LaConte filed a timely notice of appeal on July 25, 2006, pursuant to Rule 304(b)(5) (155 Ill. 2d. R. 304(b)(5)).

OPINION

On appeal, LaConte contends that C & C's motion to compel discovery was overbroad in that C & C did not allege that any specific plaintiff was exposed to or harmed by Warren Pumps' products in any specific location. LaConte asserted that a manufacturer may not be compelled to

produce all records pertaining to all products sold in the State of Illinois over a nearly 40-year period.

Supreme Court Rule 201(b)(1) provides that a party may obtain full disclosure of any matter "relevant to the subject matter involved in the pending action." 166 Ill. 2d R. 201(b)(1). Likewise, under Supreme Court Rule 214, any party may direct a written request to any other party to produce documents, etc. "relevant to the subject matter of the action." 166 Ill. 2d R. 214.

In line with supreme court rules, the right of discovery is traditionally limited to disclosure of matters relevant to the case at issue. In order to protect against abuses and unfairness, a court should deny discovery requests when there is insufficient evidence that the requested discovery is relevant or will lead to such evidence. *Leeson v. State Farm Mutual Automobile Insurance Co,* 190 Ill. App. 3d 359, 366, 546 N.E.2d 782 (1989).

LaConte agues that C & C failed to demonstrate that its discovery request is relevant to any particular case pending against Warren Pumps in Cook County. Out of the 193 cases where Warren Pumps is a named defendant, C & C's complaints show a total of 1,444 separate jobsites or locations for which there is merely a blanket allegation of exposure to asbestos. Out of these 1,444 jobsites, 1,160 jobsites are located in Illinois. LaConte argues that C & C's motion to compel production effectively forces Warren Pumps to search its records for possible sales pumps in all 102 counties in Illinois and to produce these documents despite the fact that C & C has alleged exposure in only 48 of the 102 counties.[3] LaConte also notes that pumps are often shipped to multiple locations after leaving the manufacturing plant and that Warren Pumps lacks

_____

[3] C & C lists only 17 counties with multiple jobsites; C & C lists no jobsites for 54 Illinois counties.

the financial and manpower resources to track 17,000 manufacturers in Illinois to determine whether its pumps were rerouted to different geographic locations. LaConte asserts that Warren Pumps is capable of searching for pumps *at particular sites* based only on *the name of the customer at the time of purchase.*

LaConte characterizes C & C's requests as an improper fishing expedition aimed not at supporting existing claims but at finding new ones. In support, LaConte relies primarily on a Texas asbestos case, *In re Sears, Roebuck & Co.*, 123 SW.3d 573 (Tex. App. 2003). There, a Michigan plaintiff suffering from mesothelioma sued Sears and 37 other defendants in Texas alleging life-long asbestos exposure via his family plumbing business, his work as a plumber's apprentice, and his career as a 24-year union plumber. The plaintiff listed 11 categories of products made by 24 manufactures as potential culprits. Of those products, only two--Hobart boilers and water heaters--were connected to Sears and the plaintiff's exposure to those products would have occurred prior to his 24-year career as a union plumber doing commercial jobs. *Sears*, 123 SW.3d at 574.

Two months before trial, the plaintiff served a discovery request on Sears requesting the name, date of manufacture and sale and asbestos content of each product it sold or made available for sale, including 200 items ranging from bath rugs and shower curtains to lawn mowers and sewing machines. Sears objected; the plaintiff moved to compel production; and the plaintiff died in the interim. The trial court overruled Sears' objections and compelled discovery for the period 1940-78, omitting only mundane household items. *Sears*, 123 SW.3d at 575.

The Texas appeals court noted that the plaintiff identified only two Sears products as potential sources of asbestos exposure, yet the trial court's order required production of far more.

Recognizing the substantial obstacles faced by asbestos plaintiffs attempting to connect their exposure to specific products, the appeals court nevertheless observed: "Fuerstenau's death from an asbestos-related disease does not entitle his estate to recover money from all companies selling asbestos products." *Sears*, 123 S.W.3d 579, citing *Gaulding v. Celotex Corp*., 772 S.W.2d 66 (Tex. 1989). The court reversed and remanded the case to the trial court, holding that the trial court's order compelling Sears to comply with discovery was overbroad: "[D]iscovery requests must be reasonably [related] to*** the case." See*, In re Alford Chevrolet-Geo,* 997 S.W.2d 173, 180 (Tex. 1999). The court concluded that the discovery requests could have been more narrowly tailored. *Sears*, 123 S.W.3d at 579.

Although there is a dearth of authority in Illinois addressing the mechanics of discovery in asbestos litigation, our courts generally hold that that wide, sweeping discovery requests are considered an abuse of discretion. See, *e.g., People ex rel. General Motors Corp. v. Bua*, 37 Ill. 2d 180, 226 N.E.2d 6 (1967); *Leeson,* 190 Ill. App. 3d 359, 546 N.E.2d 782. In *General Motors*, the plaintiff in a personal injury action sought production of all records relating to the Corvair automobile for model years 1960 through 1965, notwithstanding the fact that the plaintiff's injury involved only the 1961 Corvair model. In *Leeson*, the trial court compelled an independent examining physician to produce 2,100 benefits claims submitted to a single medical office for an unrelated case involving a single insurance claim. The treating physician testified that it would take him 40 hours and cost $2,000 to $3,000 to photocopy the unrelated documents. This court found the order vexatious and oppressive. *Leeson*, 190 Ill. App. 3d at 366.

C & C responds that the nature of the consolidated asbestos docket is unlike typical discovery and, as such, requires a unique response. C & C balks at the notion that it is on a

7

"fishing expedition," noting that merely identifying a defendant's product at a jobsite where a plaintiff worked is insufficient to establish asbestos exposure. *Naden v. Celotex Corp.,* 190 Ill. App. 3d 410, 546 N.E.2d 766 (1989); *Thacker v. U N R Industries, Inc.*, 151 Ill. 2d 343, 603 N.E.2d 449 (1992). C & C argues that because the asbestos litigation involves consolidated discovery, the Cook County asbestos docket belies a case-by-case approach and that full production of sales records is relevant to proving the material element of exposure to asbestos.

In support, C & C cites *Pemberton v. Tieman*, 117 Ill. App. 3d 502 , 453 N.E.2d 802 (1983), for the proposition that " '[r]elevancy is determined by reference to the issues, for generally, something is relevant if it tends to prove or disprove something in issue.' " *Pemberton*, 117 Ill. App. 3d at 505, quoting *Bauter v. Reding*, 68 Ill. App. 3d 171, 175, 385 N.E.2d 886, 890 (1979). C & C distinguishes *Leeson* on the issue of relevancy, noting that *Leeson* sought insurance coverage for medical bills in connection with a single automobile accident.

Warren Pumps points out, however, that case management order No. 18, which vacated and superseded case management order No. 1, provides that discovery in the consolidated asbestos litigation should be specific as to the case, the jobsite and the defendant:

> "3. The standing schedule for pretrial activity on the independent asbestos calendar shall be as follows:
>
> a) Plaintiffs shall provide defendants with answers to standard consolidated interrogatories in the form approved by this Court not later than 270 days before trial. With respect to witnesses expected to testify on issues of product exposure or premises exposure, answers to interrogatories shall specify the

defendant(s) against which the witness' testimony will be offered; the product(s) about which the witness will testify; *the job site(s) about which the witness will testify; the time frame(s) about which the witness will testify;* whether the witness is represented by counsel, and if so, the identity of counsel; and if not represented by counsel, a current and accurate address for the witness." (Emphasis added). Cook Co. Cir. Ct. Case Management Order No. 18 (eff. March 19, 1997).

In light of the record, we find that C & C's discovery requests exceed the requirements of case management order No. 18. Although the asbestos litigation is without a doubt complex and distinct from the typical personal injury case, C & C's discovery request is overbroad and does not comply with the discovery rules and related limitations provided in case management order No. 18. We therefore vacate the trial court's order to compel discovery.

In light of our decision, we also vacate the citation of friendly contempt against LaConte. LaConte's conduct in advocating for her client's position was neither contumacious nor did it subject the court to disdain or scorn. See, *e.g.*, *Kraima v. Ausman*, 365 Ill. App. 3d 530, 850 N.E.2d 840 (2006); *Dufour v. Mobil Oil Corp.*, 301 Ill. App. 3d 156, 703 N.E.2d 448 (1998).

For the reasons stated herein, we reverse the judgment of the trial court compelling Warren Pumps to produce excessive documentation. We vacate the order to compel, vacate the friendly contempt citation entered against attorney LaConte, and remand this matter to the trial court for further proceedings consistent with this opinion.

Reversed and vacated; cause remanded.

O'BRIEN and MURPHY, JJ., concur.

*In re* ALL ASBESTOS LITIGATION

--------------------------------------------------------

CASE NAME:          (Cooney and Conway,
                            Plaintiff-Appellee,
                    v.

                    Lisa A. LaConte, as Counsel for
                    Defendant Warren Pumps, LLC; and
                    Christopher P. Larson, as Counsel for
                    Defendant Riley Stoker Corporation,
                            Contemnors-Appellants).


|  | 1-06-2163) |  |  |
|---|---|---|---|
| FIRST | 1-06-2691) (Cons.) | CALVIN C. CAMPBELL | JUNE 5, 2008 |
| District | Docket # | Authoring Judge | Date Filed |


PANEL MEMBERS:          O'BRIEN and MURPHY, JJ., concur.

SUMMARY:

        This consolidated appeal involved a discovery dispute arising out of ongoing consolidated Cook County Asbestos Litigation.  The law firm Cooney and Conway (C & C) represented multiple plaintiffs who claimed that they contracted various forms of fatal cancer as a result of exposure to asbestos up to 40 years ago.  On behalf of these plaintiffs, C & C sued Warren Pumps, LLC, a manufacturer of industrial pumps, and served discovery requests upon Warren Pumps requesting product sales information covering a 38-year period.  Warren Pumps complied with the discovery requests.

        C & C then served Warren Pumps with a motion to compel additional discovery.  Lisa A. LaConte (LaConte), attorney for Warren Pumps, refused to comply with the motion.  The trial court granted C & C's motion to compel discovery and entered an order of "friendly contempt," citing LaConte $1.  LaConte appealed, contending that the trial court erred in compelling discovery covering a nearly 40-year period when C & C did not allege that any specific plaintiff was exposed to or harmed by the products manufactured or sold by Warren Pumps any specific location in Illinois.

        On appeal, we held that the trial court's order was over broad under Supreme Court Rules 201(b)(1) and 214, which permit disclosure of "relevant" subject matter, and vexatious to Warren Pumps under Illinois case law authority pertaining to discovery.  C & C's blanket allegation of plaintiffs' exposure to asbestos in 102 counties across Illinois was an improper fishing expedition where Warren Pumps only operated job sites in 48 Counties. We reversed the trial court, vacated the two orders compelling production and finding LaConte in contempt, and remand this matter for further proceedings consistent with this opinion.

        Reversed, vacated, remanded with instructions.

*In re* ALL ASBESTOS LITIGATION

--------------------------------------------------------

CASE NAME:

(Cooney and Conway,

Plaintiff-Appellee,

v.

Lisa A. LaConte, as Counsel for
Defendant Warren Pumps, LLC; and
Christopher P. Larson, as Counsel for
Defendant Riley Stoker Corporation,

Contemnors-Appellants).

Nos. 1-06-2163 and 1-06-2691 (Consolidated)

Appellate Court of Illinois

First District, Fourth Division

JUNE 5, 2008

JUSTICE CAMPBELL delivered the opinion of the court:

O'BRIEN and MURPHY, JJ., concur.

Appeal from the Circuit Court of Cook County.

The Honorable William D. Maddux, Judge Presiding.

For APPELLANT, Heyl, Royster, Voelker & Allen, of Peoria

(Karen L. Kendall, of counsel).

For APPELLEE, Cooney and Conway, of Chicago (Kathy Byrne, of counsel).