2022 IL App (1st) 211313-U

SECOND DIVISION
August 2, 2022

No. 1-21-1313

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| SCOTT R. DRURY, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 14 CH 16080 |
| | ) | |
| LIBERTY PRINCIPLES PAC and DAN PROFT, | ) | |
| individually and in his capacity as chairman and treasurer | ) | |
| of Liberty Principles PAC, | ) | Honorable |
| | ) | Allen P. Walker, |
| Defendants-Appellees. | ) | Judge Presiding. |

JUSTICE HOWSE delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Cobbs concurred in the judgment.

ORDER

¶ 1    *Held*:  The judgment of the circuit court of Cook County is reversed; the trial court abused its discretion when it decided defendants' motion for summary judgment prior to ruling on plaintiff's motion to compel discovery because plaintiff did not waive the motion by failing to pursue it, plaintiff's motion at least partially sought discovery on issues germane to summary judgment, and discovery could yield evidence to resist defendants' motion for summary judgment.

¶ 2    Plaintiff, Scott R. Drury, filed the initial complaint in this case in October 2014. In February 2018, plaintiff filed his second amended complaint (complaint) against defendants, Liberty Principles Political Action Committee (Liberty PAC), Dan Proft, individually and in his capacity as chairman and treasurer of Liberty PAC, Neerhof for Illinois, and Mark Neerhof (defendants) alleging nine counts of defamation *per se* (counts I, II, V, VI, VII, XI, XII, XIII,

and XVII) and nine counts of false light invasion of privacy (counts III, IV, VIII, IX, X, XIV, XV, XVI, XVIII) based on statements defendants allegedly made about plaintiff in the course of a political campaign in which plaintiff was a candidate for the office of state representative. Defendant Mark Neerhof was plaintiff's opponent in that election. In September 2018 the circuit court of Cook County denied defendants' motion to dismiss the second amended complaint. Thereafter, in the midst of numerous pretrial motions, orders, and proceedings, in September 2019, plaintiff filed a motion to compel discovery. In December 2019, defendants moved for summary judgment. On September 13, 2021, after full briefing and a hearing, in a memorandum opinion and order the trial court granted defendants' motion for summary judgment without ruling on plaintiff's motion to compel. On October 12, 2021, plaintiff timely filed a notice of appeal.

¶ 3    For the following reasons, we reverse and remand.

¶ 4                          BACKGROUND

¶ 5    Given the protracted litigation that has occurred in this case, we strive to confine our discussion to a brief summation of the proceedings that have ushered us to and are pertinent in this appeal and beneficial to an understanding of our resolution thereof.

¶ 6    On October 9, 2014, the trial court issued an order that stayed discovery in this matter until further order of the court. On February 26, 2018, plaintiff filed the second amended complaint at issue. Plaintiff's complaint alleges that defendants[1] made allegedly defamatory statements in a cable television advertisement and a campaign advertisement sent by United

---

[1]    Neerhof for Illinois and Mark Neerhof are no longer defendants in this case.

States mail. The statements in the cable television advertisement about which plaintiff complained were:

"Scott Drury wants to cut funding for our local schools by as much as seventy per cent. Incumbent State Representative Scott Drury has put his Chicago Democrat Party's bosses ahead of our schools. Drury's plan would cut state funding for our schools by more than $6.9 million. Drury's plan would send our tax dollars to Chicago schools. Scott Drury made the choice to serve Illinois' political ruling class at the expense of our schools. On November 4, you have a choice. Bring balance back to state government by voting no on Scott Drury."

Plaintiff's complaint further alleges that on or about October 4, 2014, defendants caused to be published to voters a mail campaign advertisement containing the following statements:

"Scott Drury supports defunding our schools so that party bosses will fund his campaign,"

"Incumbent State Rep. Scott Drury is doing the bidding of Illinois' Political Ruling Class at the Expense of our Local Schools,"

"Scott Drury has made the choice to serve Illinois' Political Ruling Class at the expense of our schools,"

and that Drury had a plan to cut approximately $7 million from local schools.

¶ 7     On April 3, 2019, plaintiff filed a motion to vacate the stay of discovery. On April 25, 2019, the trial court issued an order finding that defendants did not oppose plaintiff's motion, granting plaintiff's motion to vacate the stay of discovery, and ordering that all written discovery was to be completed on or before July 29, 2019.

¶ 8      Plaintiff claims defendants were not forthcoming with discovery. Plaintiff's reaction was his September 9, 2019 petition for rule to show cause or in the alternative to compel compliance with his discovery requests directed at defendants Neerhof for Illinois and Mark Neerhof (the Neerhof defendants) and plaintiff's September 10, 2019 motion to compel and for additional relief pursuant to Illinois Supreme Court Rule 219(c) (eff. July 1, 2002) directed to Liberty PAC and Dan Proft (the Liberty PAC defendants). (Since the Neerhof defendants have been dismissed from the case and plaintiff's arguments on appeal necessarily focus on the Liberty PAC defendants, we refer to that motion singularly as "the motion to compel.") Plaintiff's motion to compel seeks various forms of relief related to defendants' claims there was no actual malice in this case. The relief requested by plaintiff's motion to compel included, among others, striking all of defendants' denials in their answer to the complaint related to denials in response to plaintiff's allegation in the complaint that defendants published, "with actual malice false and defamatory statements" about plaintiff, and that defendants "published the false and defamatory statements and caused those statements to be published with actual malice – *i.e.*, knowing the statements were false or with reckless disregard for their truth or falsity – as shown by the acts described in [the complaint.]"

¶ 9      On September 11, 2019, the trial court ordered defendants to respond to plaintiff's motion to compel and set the matter for a status hearing. On October 10, 2019, plaintiff filed a motion to vacate the discovery cutoff date or to extend the discovery deadline until after the court had ruled on plaintiff's discovery motions, including the motion to compel. At a status hearing on October 22, 2019, the trial court took plaintiff's motion to compel under advisement and ordered plaintiff's motion to extend the time for discovery "entered and continued to be heard with plaintiff's motion to compel." On October 29, 2019, the trial court entered an order

continuing plaintiff's motion to compel and granting plaintiff's motion to extend discovery "in limited fashion only to [one] subpoena."

¶ 10    On December 4, 2019, the Liberty PAC defendants filed a motion for summary judgment. On December 12, 2019, the trial court entered an order continuing plaintiff's motion to compel, among other motions, to February 4, 2020, and on February 4, 2020, the court entered an order setting the motion to compel for "status on ruling" for February 10, 2020. In that same February 4, 2020 order, the court entered and continued the Liberty PAC defendants' motion for summary judgment. On February 10, 2020, the trial court entered an order setting a hearing date for defendants' motion for summary judgment and granting plaintiff's motion to file a sur-reply to the motion for summary judgment. On February 24, 2020, plaintiff filed a sur-response in opposition to the motion for summary judgment. Plaintiff attached an affidavit pursuant to Illinois Supreme Court Rule 191(b) (eff. Jan. 4, 2013) to the sur-response.

¶ 11    Plaintiff's affidavit averred, in part, that defendants' failure to produce documents in response to plaintiff's discovery requests had prejudiced plaintiff's ability to conduct discovery and made his ability to conduct depositions less effective. Plaintiff averred that defendant Proft was a defendant in the litigation, was a hostile witness, and that plaintiff could not speak to Proft directly. Plaintiff also averred, in part, that if sworn defendant Proft would testify that "[p]rior to publishing the Defamatory Statements he [(Proft)] did not make an inquiry to ascertain whether it was his inference that [plaintiff] supported Senate Bill 16 (the bill associated with the conduct described in the allegedly defamatory statements), and did so for corrupt reasons, rather than another one that was the correct inference to draw," "[p]rior to publishing the Defamatory Statements, he failed to make inquiry to ascertain whether the inference he drew that [plaintiff] supported Senate Bill 16, and did so for corrupt reasons, was correct where there were other

inferences that may have been drawn from the same events," and "[p]rior to publishing the Defamatory Statements, he did not inquire into whether: (i) [plaintiff] was a Democrat because his values more closely aligned with those of the Democratic Party than other parties; (ii) INCS Action PAC supported [plaintiff] because he was an incumbent legislator who supported charter schools; or (iii) [plaintiff] did not co-sponsor House Resolution 1276 (attacking Senate Bill 16) because he was unaware of it, he rarely co-sponsored House Resolutions, and House Resolution 1276 was introduced when the House of Representatives was not in session and was not assigned to committee." The parties, including plaintiff, fully briefed the motion for summary judgment.

¶ 12    On July 6, 2020, the parties filed a "Joint Status Report" listing outstanding motions in various categories (dispositive motions, motions between plaintiff and non-parties, and "motions held in abeyance"). In the section titled "Status of Motions held in abeyance" the Joint Status Report states, in part, as follows:

"Pending its decision in the LPP Defendants' Motion for Summary Judgment, the Court held the following motions in abeyance.

On September 10, 2019, [plaintiff] filed a Motion to Compel the Liberty PAC defendants to respond more fully to his discovery requests and for additional relief pursuant to Illinois Supreme Court Rule 219(c). The Liberty PAC defendants filed their Response on October 2, 2019, and [plaintiff] filed his Reply on October 16, 2019. This matter is fully briefed and awaits disposition by the Court."

The status report also listed plaintiff's motion to extend discovery deadlines, stating that the trial court had "entered and continued this motion to be heard with Plaintiff's Motion to Compel." Finally, the status report stated that on September 9, 2019, plaintiff filed a petition for rule to

show cause against the Neerhof defendants that was "fully briefed and awaits the Court's disposition."

¶ 13    On August 27, 2020, the trial court held a hearing on defendants' motion for summary judgment. The court began the hearing by stating that it believed two matters were set for ruling: a third-party motion to quash subpoena (the same subpoena for which plaintiff was granted a sole extension of the discovery deadline) and plaintiff's motion to vacate the order dismissing the second amended complaint as to the Neerhof defendants. The court also stated it knew "we also have pending a hearing on the defendant's [*sic*] Liberty Principles [*sic*] motion for summary judgment." The court asked if it was "missing anything." Plaintiff did not mention the motion to compel at that time. The court informed the parties of its decision on both motions which had been memorialized in written judgments. The court granted the motion to quash and denied the motion to reconsider the order granting the motion to dismiss the second amended complaint against the Neerhof defendants with prejudice. The court then stated that it would allow plaintiff to state whether or not it would appeal those rulings which would in turn "inform the Court regarding the remaining motion for summary judgment that is pending."

¶ 14    Plaintiff's counsel addressed the trial court on the court's question regarding an appeal of the court's judgments then plaintiff's counsel added:

        "I would like to add just one thing. You asked in the beginning whether or
        not there was any additional motions ***.

        We've had a motion to compel out there since September 10th, 2019,
        which has made it very, very difficult, which we said in all of our briefs and in
        arguments when I'm in Court, to respond to a motion for summary judgment, we
        did. We did the best we could with what we had. But, basically, Your Honor,

these defendants over the years that this case is pending have given us nothing

\*\*\*."

The trial court agreed that plaintiff had "been very consistent and persistent in that position, so I remember it well."

¶ 15    Defendants responded by stating the trial court had ruled that the motion to compel was "to be held in abeyance until the motion for summary judgment can be heard." Plaintiff responded:

> "Your Honor, \*\*\* I don't recall the motion to compel being put on hold
>
> with the various other motions that were put on hold. Indeed, you did put several
>
> of the motions on hold pending your decision on summary judgment. Whether or
>
> not that included the motion to compel, I don't recall. And, certainly, for all the
>
> reasons I stated, I think we should be allowed to go forward with discovery."

¶ 16    The trial court inquired about the effect of its judgments on plaintiff's appeal and moving forward with the motion for summary judgment. Plaintiff's counsel responded and also informed the court that depending on its ruling, plaintiff was prepared for the argument on the motion for summary judgment. The court specifically asked if plaintiff was taking the position that the court did not have to "rule on your motion to compel but that I can consider the arguments \*\*\* on the motion for summary judgment." Plaintiff's counsel reiterated:

> "Your Honor, maybe \*\*\* I didn't articulate my position clearly enough
>
> \*\*\*.
>
> Specifically, I would want the Court to rule on the motion to compel
>
> before we get into a hearing on the pending motion for summary judgment. As

you said, I have consistently maintained that position. I am maintaining that

position today."

In response, defendants' counsel again stated the trial court had, on February 10, "ruled

to hold that motion in abeyance. And you stated that if the motion for summary judgment

were to be granted that there would be no reason to discuss these discovery issues ***."

Defendants' attorney contended that the trial court had "already made the decision to go

forward with the motion for summary judgment."

¶ 17 Later in the discussion the trial court asked plaintiff's counsel how its response to

defendants' motion for summary judgment—without the discovery he sought to compel—should

affect the court's determination of whether plaintiff needed the discovery in order to respond to

the motion and inquired whether it should treat plaintiff's motion as seeking a ruling as to

whether the discovery was needed and to respond to the motion under Rule 191(b) rather than as

a motion to compel. After plaintiff's counsel responded, the trial court opined that a motion to

compel is wholly separate from a Rule 191(b) motion because the motion to compel may

encompass discovery that has nothing to do with a motion for summary judgment. The trial court

stated a Rule 191(b) motion "has nothing to do with a summary judgment motion unless and

until you raise it under 191(b)." Plaintiff's counsel argued that regardless of whether the motion

is treated as a Rule 191(b) motion or a motion to compel plaintiff should be able to proceed with

discovery before the motion for summary judgment and noted that plaintiff did raise Rule 191(b)

in his response to the motion for summary judgment.

¶ 18 Defendants' counsel argued plaintiff failed to prosecute this case during the discovery

phase having only scheduled one deposition which plaintiff's counsel did not show up for.

Defendants' counsel repeated its contention that on February 10 the court made an oral ruling

indicating that "it would be most appropriate for the resources of this Court to move forward with summary judgment." In response to defendants' argument that plaintiff did not avail himself of discovery during the discovery period, plaintiff's counsel responded, in part, that "we wouldn't want to have taken all of these depositions not having the documents that his defendants have stonewalled us for ***."

¶ 19    The trial court stated, in part,:

> "I'm going to review these motions based upon what's been told to me today. I will decide if the motion to compel is really a motion to compel that I even need to decide before the motion for summary judgment. *** If I decide that the *** motion to compel fails, then I'm going to proceed to the motion for summary judgment."

The court concluded:

> "But I will end with this, there's a motion to compel, and it's allegedly a Rule 191(b) motion, I don't know, I'm going to review that, and then I'm going to resolve that motion. Depending on the ruling on that motion, it will inform what I do with the motion for summary judgment.
>
> * * *
>
> [E]ven if I were to deny the motion to compel, there's still a Rule 191(b) response to the motion for summary judgment which is independent of the motion to compel."

The court set a date for a ruling on plaintiff's motion to compel before the date the court set for hearing on the motion for summary judgment.

¶ 20    On September 2, 2020, the trial court issued a written order on plaintiff's motion to compel. The court's order recounts the procedural history of the case then notes that the status of the motion to compel and motion for summary judgment "presents a procedural quandary." The court noted that it failed to resolve the motion to compel before defendants filed their motion for summary judgment and found that the court simply "lost sight of the Motion to Compel given the deluge of motions filed by the parties and non-party respondents to subpoenas in this case." The court found that it was plaintiff's burden to obtain a ruling on the motion to compel but he did not, the motion to compel "was not a Supreme Court Rule 191(b) for discovery, as the Motion for Summary Judgment had not been filed yet; and concluded that "[a]s the Motion to Compel at minimum, seeks discovery unrelated to the pending Motion for Summary Judgment, the Court concludes that it may proceed to hear the Motion for Summary Judgment before resolving the Motion to Compel." The court denied plaintiff's motion to hear the motion to compel before ruling on the motion for summary judgment and ordered that it would "take up the Motion to Compel, if appropriate, after it hears argument on the Motion for Summary Judgment."

¶ 21    On February 18, 2021, the trial court denied plaintiff's motion to reconsider the September 2, 2020 order. On September 13, 2021, following a hearing, the trial court granted defendants' motion for summary judgment.

¶ 22    This appeal followed.

¶ 23                                        ANALYSIS

¶ 24    On appeal plaintiff argues (1) the trial court abused its discretion by ruling on the motion for summary judgment before ruling on the motion to compel and (2) in ruling on the motion for summary judgment, (a) the trial court abused its discretion by considering inadmissible evidence submitted by defendants, (b) the trial court erroneously found that there is no genuine issue of

material fact as to whether defendants acted with actual malice in publishing the statements, (c) a genuine issue of material fact exists as to whether defendants acted with reckless disregard of the truth of the statements, and (d) defendants' alternative grounds for summary judgment lack merit. This court reviews a judgment granting summary judgment *de novo. Mitchell v. Village of Barrington*, 2016 IL App (1st) 153094, ¶ 25. "We may affirm a grant of summary judgment on any basis appearing in the record, whether or not the [circuit] court relied on that basis or its reasoning was correct. [Citations.]" (Internal quotation marks omitted.) *Id.*

¶ 25     This court reviews discovery orders for an abuse of discretion. *Jiotis v. Burr Ridge Park District*, 2014 IL App (2d) 121293, ¶ 21. See also *U.S. Bank National Ass'n as Trustee for Registered Holders of First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-FF2 v. Gagua*, 2020 IL App (1st) 190454, ¶ 67 (quoting *Dufour v. Mobile Oil Corp.*, 301 Ill. App. 3d 156, 160 (1998) ("A trial court's ruling on a motion to compel discovery will stand absent a manifest abuse of discretion affirmatively and clearly shown by the appellant.")). "A court abuses its discretion when its ruling is arbitrary, fanciful, unreasonable, or where no reasonable person would take the view adopted by the trial court." *Gagua*, 2020 IL App (1st) 190454, ¶ 60.

¶ 26     This appeal raises issues regarding the trial court's decision to rule on a motion for summary judgment before ruling on a motion to compel discovery. The trial court's decision not to rule on the motion to compel before ruling on the motion for summary judgment constitutes a discovery order, therefore, we will review that decision for an abuse of discretion. See *Jiotis*, 2014 IL App (2d) 121293, ¶ 22. Should this court then reach the issue of the trial court's judgment on the motion for summary judgment, we will review that judgment *de novo. Mitchell*, 2016 IL App (1st) 153094, ¶ 25.

¶ 27    This court has held that "[a] circuit court may properly stay or quash a discovery request when it has sufficient information upon which to rule on a motion to dismiss." *Adkins Energy, LLC, v. Delta–T Corp.,* 347 Ill. App. 3d 373, 381 (2004). We note that motions to dismiss and motions for summary judgment are treated in the same manner procedurally. See *Advocate Health & Hospitals Corp. v. Bank One, N.A.*, 348 Ill. App. 3d 755, 759 (2004) ("A section 2-619 motion is similar to a motion for summary judgment, although it is usually presented early in a case, before there is an opportunity for discovery."). "[A] court should not refuse a discovery request and grant a motion to dismiss where it reasonably appears discovery might assist the nonmoving party." *Evitts v. DaimlerChrysler Motors Corp.*, 359 Ill. App. 3d 504, 513-14 (2005). See also *Mutlu v. State Farm Fire & Casualty Co.*, 337 Ill. App. 3d 420, 434 (2003) ("a trial court should not refuse a discovery request and grant a motion to dismiss where it reasonably appears discovery might assist the party resisting the motion").

¶ 28    In *DOD Technologies v. Mesirow Insurance Services, Inc.*, 381 Ill. App. 3d 1042, 1054-56 ( 2008), this court held that the trial court did not abuse its discretion when it stayed discovery pending the resolution of the defendant's motion to dismiss. The *DOD Technologies* court relied on the fact the plaintiff in that case failed to explain how discovery would help him overcome the motion. See *id*. at 1055-56 ("Significantly, plaintiff does not argue that discovery was needed for the trial court to rule on defendant's motion to dismiss or for plaintiff to successfully resist the motion." (citing *Adkins Energy, LLC,* 347 Ill. App. 3d at 381)).

¶ 29    In *Adkins Energy, LLC*, this court held the trial court did not err "when it stayed discovery until ruling on the defendant's motion to dismiss. This court found no abuse of discretion because the plaintiff in *Adkins Energy* did not assert that "discovery would have

assisted it to successfully resist the motion" and therefore had failed to indicate how the trial court's order harmed it "in any manner." *Adkins Energy,* 347 Ill. App. 3d at 381.

¶ 30    We find that the question for the court is whether "it reasonably appears that discovery may assist the nonmoving party." *Id.* (citing *Mutlu*, 337 Ill. App. 3d at 434). Initially, defendants argue the trial court did not abuse its discretion because plaintiff abandoned the motion to compel. On appeal defendants also argue that the discovery plaintiff sought would not assist him to resist their motion for summary judgment because it sought information irrelevant to that motion. Neither argument has merit.

¶ 31    We first address defendants' argument plaintiff abandoned the motion to compel. First, defendants argue plaintiff acquiesced to proceeding on the motion for summary judgment before ruling on the motion to compel. This assertion is demonstrably false. Defendants take plaintiff's counsel's statement in isolation and completely out of context. In the same hearing in which defendants contend plaintiff acquiesced to the procedure the trial court ultimately followed in this case plaintiff's counsel clearly stated as follows:

> "Your Honor, maybe *** I didn't articulate my position clearly enough
> ***.
>
> Specifically, I would want the Court to rule on the motion to compel before we get into a hearing on the pending motion for summary judgment. As you said, I have consistently maintained that position. I am maintaining that position today."

¶ 32    We have reviewed the transcript of the hearing at issue and find that plaintiff's counsel merely informed the trial court he was prepared to proceed with argument on defendants' motion

for summary judgment; which, despite plaintiff's efforts to the contrary, is precisely what the trial court ordered them to do. Defendants' first argument is rejected.

¶ 33    In a related argument, defendants assert plaintiff failed to prosecute his motion to compel, thereby abandoning it. Defendants claim plaintiff "made no effort to advance his motion to compel" between the completion of briefing on plaintiff's motion and the August 27, 2020 hearing on defendants' motion for summary judgment. As support for that argument defendants rely on plaintiff's failure to object to the trial court setting a briefing schedule on defendants' motion for summary judgment and his alleged failure during the February 10, 2020 hearing to raise the motion to compel "on *three* different occasions." (Emphasis in original.) Defendants argue that failure by plaintiff is "proof positive that [plaintiff] did not meet the burden to obtain a ruling on his motion under *Ellis Realty*." Furthermore, defendants claim that because the trial court ruled that it would not entertain a different motion (to quash a subpoena plaintiff issued to a non-party) before ruling on defendants' motion for summary judgment, that somehow equates to an order holding all of plaintiff's discovery motions, including the motion to compel, in abeyance until the court ruled on the motion for summary judgment. Defendants' only explanation for this argument is that the motion for summary judgment "was clearly moving forward" but plaintiff, during that one hearing, "failed to meet his burden to alert the court to the continuing existence of his motion to compel."

¶ 34    Defendants also point to the parties' Joint Status Report, which states the trial court ordered the motion to compel held in abeyance. Defendants argue that at the August 27 hearing plaintiff attempted to shift position to argue that his motion should be considered first under Rule 191(b) but that plaintiff never filed a separate Rule 191(b) motion, "as he should have." Thus, defendants argue, the trial court reasonably ruled that plaintiff failed to obtain a ruling on his

motion to compel and conceded to the entry of a briefing schedule on the motion for summary judgment without informing the court that his motion to compel remained outstanding.

¶ 35    In *Ellis Realty v. Chapelski*, 28 Ill. App. 3d 1008 (1975), following a bench trial that resulted in a verdict in favor of the plaintiffs (*Ellis Realty*, 28 Ill. App. 3d at 1009) the defendant argued the judgment should be reversed because the trial court never ruled on his motion to dismiss or required the defendant to answer the complaint (*Ellis Realty*, 28 Ill. App. 3d at 1012-13). This court held in that case "the trial court did not err in proceeding to trial without ruling on the motion to dismiss." *Id.* at 1013. This court cited Rule 2.3 of the Rules of the Circuit Court of Cook County, which provides:

> "The burden of calling for hearing any motion previously filed is on the party making the motion. If any such motion is not called for hearing within 90 days from the date it is filed, the court may enter an order overruling or denying the motion by reason of the delay." *Id.*

¶ 36    *Ellis* is easily distinguishable. In that case, this court also noted that the "procedural history of this case reveals [the] defendant's indifference and inattention to the pleadings." *Id.* The trial court specifically asked the defendant if his motion to dismiss had been heard and the defendant's counsel replied that it was never heard but the case proceeded without the defendant's counsel objecting or even asking the trial judge to rule on the motion. See *id.* This court found that more than three years intervened between the filing of the motion to dismiss and the trial without the defendant ever asking that the motion be heard. *Id.*

¶ 37    Here, it is unquestionable that plaintiff has actively pursued his motion to compel. The trial court acknowledged that plaintiff's counsel had "been very consistent and persistent" in his position on the motion to compel. Further, the trial court admitted that the court had "lost sight of

the motion." In this case, we do not find a lack of diligence on the part of plaintiff in pursuing the motion to compel and *Ellis Realty* offers no support for finding a lack of diligence. *Cf.*, *id.* at 1012-13. Nor did the trial court "enter an order *** denying the motion by reason of the delay." *Id.* Therefore, Cook County Circuit Court Rule 2.3 in inapposite. Moreover, defendants have not directed this court to a specific order by the trial court ordering plaintiff's motion to compel held in abeyance. Instead, this appears to be an inference drawn by defendants based on the trial court's rulings on other discovery motions. Accordingly, we afford little if any weight to the statement in the parties Joint Status Report nor would any such statement be binding on this court. See *Beacham v. Walker*, 231 Ill. 2d 51, 60 (2008) ("we, as a court of review, are not bound by a party's concession").

¶ 38    "It is the moving party's responsibility to request the judge to rule on his or her motion, and when no ruling has been made, the party is presumed to have abandoned the motion, absent circumstances indicating otherwise." *Morse v. Donati*, 2019 IL App (2d) 180328, ¶ 33. Here, the circumstances strongly indicate plaintiff did not abandon the motion to compel. At the hearing where plaintiff's counsel allegedly acquiesced to proceeding on the motion for summary judgment, plaintiff's counsel addressed whether he had "articulate[d] [his] position clearly enough" and stated, specifically, plaintiff wanted the trial court "to rule on the motion to compel before we get into a hearing on the pending motion for summary judgment. As you said, I have consistently maintained that position. I am maintaining that position today." The trial court agreed that plaintiff had been "persistent and consistent" in the litigation on that position. We cannot find plaintiff failed to prosecute or abandoned his motion. Defendants' arguments to the contrary, fail.

¶ 39   Next, defendants argue plaintiff's response in opposition to defendants' motion for summary judgment concedes that the motion to compel seeks information irrelevant to the summary judgment determination. Defendants position is that the only issue for determination to resolve the motion for summary judgment is the question of whether defendants acted with actual malice in publishing the allegedly defamatory statements. "Where an allegedly offending statement is made by a member of the press or a media organization about a public figure— which includes a person running for public office ([citation])—first amendment protections require that the plaintiff 'may not obtain redress in a libel action unless he proves that the allegedly defamatory statements were made with actual malice.' [Citations.] *** The plaintiff must prove by clear and convincing evidence that defendants 'published the defamatory statements with knowledge that the statements were false or with reckless disregard for their truth or falsity.' "

¶ 40   Defendants argue that "[a] *large portion* of the discovery [plaintiff] sought was irrelevant to the question of actual malice." (Emphasis added.) Defendants state that "only seven of his 47 interrogatories *** were relevant to the issue of actual malice," and that "only eight of his 20 requests for admission were relevant to the question of actual malice." However, in making this argument, defendants concede that at least seven of the interrogatories and at least eight of the requests for admission are relevant to the issue of actual malice. Defendants also complain that plaintiff sought discovery from the dismissed defendants purportedly in violation of Illinois

Supreme Court Rule 201(b)(1) (eff. July 30, 2014)[2] and go on to argue the substantive merit of both the motion to compel and the motion for summary judgment.

¶ 41    We note defendants' argument that plaintiff failed to negate defendants' evidence in support of their motion for summary judgment. Defendants seem to raise this argument in response to plaintiff's assertions at the hearing regarding the effect of Rule 191(b) on the status of plaintiff's motion to compel. Defendants assert that, rather than demonstrating plaintiff's lack of evidence, which may be required for plaintiff's motion to prevail under Rule 191(b) (see *Jiotis*, 2014 IL App (2d) 121293, ¶ 30 ("it is basic fairness that dictates that a plaintiff, whose complaint has survived a motion to dismiss, is entitled to investigate and attempt to substantiate his claims before facing a motion for summary judgment that claims that he is unable to prove his case"), the actual basis for defendant's motion was "their own evidence plainly showing a lack of actual malice." According to defendants, plaintiff's "lack of evidence matters only in that he failed to adequately rebut Defendant's Statement of Material Facts."

¶ 42    At the hearing on the substance of defendants' motion for summary judgment defendants' attorney conceded that the "only issue before this Court is whether defendants acted with actual malice." On appeal, plaintiff has not disagreed. Defendants' motion for summary judgment in fact argues that (1) it was reasonable to infer plaintiff supported Senate Bill 16, (2) defendants took no action to publish the allegedly defamatory statements after plaintiff issued them a cease and desist letter, and (3) plaintiff can prove no harm to his reputation. We need not decide what "type" of summary judgment motion defendants filed or whether plaintiff's motion to compel is

---

[2]    "(1) *Full Disclosure Required*. Except as provided in these rules, a party may obtain by discovery full disclosure regarding any matter relevant to the subject matter involved in the pending action ***." Ill. S. Ct. R. 201(b) (eff. July 30, 2014).

in fact a motion to compel or a motion pursuant to Rule 191(b). We find that regardless of those determinations, plaintiff was entitled to a ruling on his motion to compel discovery prior to the trial court's ruling on the motion for summary judgment. As we stated above, the question for the court is whether "it reasonably appears that discovery may assist the nonmoving party" to resist the motion See *Adkins Energy,* 347 Ill. App. 3d at 381 (citing *Mutlu*, 337 Ill. App. 3d at 434). Here, defendant concedes that at least some of the requested discovery was relevant to the issue of actual malice.

¶ 43    Thus, even assuming, *arguendo*, the subject matter actually at issue in the pending motion for summary judgment was confined to actual malice, defendants concede plaintiff's motion to compel at minimum encompassed some evidence directly related to the issue of actual malice and defendants do not claim that the other evidence plaintiff sought would necessarily not *lead to other evidence* reasonably likely to be admissible in the summary judgment proceeding. Plaintiff's motion to compel seeks to compel defendants to respond to his discovery requests related to whether the undisputed facts could have lead to other inferences than those defendants drew and seeks remedies including striking defendants' denial and debarring defendants from filing further pleadings related to their defenses of no actual malice. We find that at minimum a ruling as to those matters might assist plaintiff to resist defendants' motion for summary judgment. Plaintiff may have been entitled to additional disclosures regarding some or all of the matters contained in the motion to compel and a favorable ruling on plaintiff's motion may assist plaintiff as the nonmoving party.

¶ 44    Based on the foregoing, we disagree with the trial court's finding that the motion to compel seeks discovery unrelated to the motion for summary judgment but we offer no opinion as to whether any additional discovery matters covered by plaintiff's motion to compel might

also assist plaintiff or lead to evidence that might assist plaintiff to resist the motion. We do note the trial court should consider both (direct evidence and evidence that might lead to other evidence) in ruling on the motion to compel. See *infra*, ¶ 44 (citing *Brown v. Advocate Health & Hospitals Corp.*, 2017 IL App (1st) 161918, ¶ 12). Defendants cite no authority for their implicit argument that the fact that only a portion of a discovery motion may assist the nonmoving party as to a particular dispositive motion disentitles the nonmoving party to a ruling on their motion nor do we believe that proposition to be consistent with the spirit of our discovery rules. "Discovery is not a tactical game to be used to obstruct or harass the opposing litigant ([citations]); and the discovery rules require full and complete disclosure in order to achieve the ultimate goal of a speedy, efficient, and just resolution of cases." (Internal quotation marks omitted.) *Kubicheck v. Traina*, 2013 IL App (3d) 110157, ¶ 29. See also *Smith v. St. Therese Hospital*, 87 Ill. App. 3d 782, 786 (1980) ("The necessary facts in this case would appear to be primarily within the control of [the] defendants, and plaintiff is entitled to seek them out before being required to establish her case with particularity in her pleading.").

"Illinois Supreme Court Rule 201 (eff. May 29, 2014) 'defines the scope of discovery in civil cases and has been interpreted to allow discovery of all information that would be admissible at trial as well as information which is reasonably likely to lead to admissible evidence.' [Citation.] Rule 201(b)(1) provides, in part, that a party generally 'may obtain by discovery full disclosure regarding any matter relevant to the subject matter involved in the pending action.' Ill. S. Ct. R. 201(b)(1) (eff. May 29, 2014)." *Brown v. Advocate Health & Hospitals Corp.*, 2017 IL App (1st) 161918, ¶ 12.

¶ 45    We see no reason, based on the relative number of requests related to actual malice, why plaintiff should be denied a ruling on the motion to compel.

¶ 46    We also find that as a matter of fundamental fairness plaintiff was entitled to a ruling on the motion to compel before being forced to defend against defendants' motion for summary judgment. This court has said:

> "It is well established that discovery is to be 'a mechanism for the ascertainment of truth, for the purpose of promoting either a fair settlement or a fair trial.' [Citation.] To this end, the object of all discovery procedures is disclosure ([citation]), and the right of any party to a discovery deposition is 'basic and fundamental' ***." *Pemberton v. Tieman*, 117 Ill. App. 3d 502, 504 (1983).

¶ 47    We find the trial court abused its discretion by ruling on defendants' motion for summary judgment before ruling on plaintiff's motion to compel; therefore, we have no need to reach plaintiff's remaining arguments. For the following reasons, we reverse the trial court's judgment ruling that it could "proceed to hear the Motion for Summary Judgment before resolving the Motion to Compel," reverse the trial court's judgment granting summary judgment in favor of defendants as premature, and remand for further proceedings consistent with this order.

¶ 48                                CONCLUSION

¶ 49    For the foregoing reasons, the judgment of the circuit court of Cook County is reversed and the cause remanded for further proceedings.

¶ 50    Reversed and remanded.